**FILED**
**MAY 23, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| VIVIAN LOOMIS FAMILY, LLC, a Washington limited liability company, | ) ) ) | No. 36200-1-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| JEFFREY BELL and PAULA BELL, husband and wife, and LARGENT RANCH, INC., a Washington corporation, | ) ) ) ) | |
| Respondents. | ) ) | |

LAWRENCE-BERREY, C.J. — Vivian Loomis Family, LLC (Loomis) appeals the

trial court's orders denying its (1) request for a writ of restitution to restore possession of

buildings on its property, and (2) request for reconsideration. The trial court denied these

requests because it found that the buildings were ancillary to Conservation Reserve

Program (CRP) land under 7 C.F.R. § 1410 (2015). Because the trial court's finding is

not supported by substantial evidence, we reverse.

FACTS[1]

Loomis is the owner of the subject agricultural property situated in Franklin County, Washington. Largent Ranch, Inc., was a long-term tenant of that property under an oral farm lease. Jeffrey Bell is president of Largent Ranch, Inc.

In 2016 and 2017, Loomis provided multiple notices to Largent Ranch of its intent to terminate the oral farm lease. In October 2017, Loomis began leasing the subject property to Todd Van Hollenbeck, a neighboring farmer. Neither Bell nor Largent Ranch have prevented the new tenant from occupying or farming the subject property. Largent Ranch nevertheless continued to store equipment in buildings on the property.

In January 2018, Loomis brought an action for unlawful detainer under chapter 59.12 RCW. The complaint alleges that Bell and Largent Ranch are holdover tenants and have failed to vacate the property. Bell and Largent Ranch eventually answered the complaint. They asserted that the unlawful detainer was unnecessary given that they were no longer in possession, except as to "a portion of the farm designated as CRP." Clerk's Paper (CP) at 75. They also raised a counterclaim in which they asserted that Loomis

---

[1] The only declaration in the record is from Vivian Loomis in support of Loomis's motion for reconsideration. This is unsurprising given that the issues argued to the trial court were generally legal issues. Our statement of facts is generated from the agreed facts, as reflected in the pleadings. To the extent there is disagreement, we must rely on the sole declaration.

failed to provide proper notice of termination and requested damages. In addition, they requested temporary relief. Specifically, they averred that they had "substantial trade fixtures and personal property located on the farm . . . [that] do not interfere with the farming by the new occupier . . . ." CP at 77. They requested "reasonable time to remove [these items], particularly considering the fact that [Largent Ranch] had occupied the entire property for 31 years, and no proper notice has been given applicable to said property." CP at 77.

On March 19, 2018, the trial court heard argument on Loomis's motion for a writ of restitution. At the hearing, the parties agreed that a writ of restitution could not be issued to the extent the property was subject to the CRP contracts.

The parties made those contracts part of the record. The contracts—signed by Loomis, Largent Ranch, and the United States Department of Agriculture—designate specific portions of the property that are subject to various federal restrictions for several years. In general, Loomis and Largent Ranch agreed to keep specific portions of the property fallow in exchange for agreed compensation.

> The objectives of the CRP are to cost-effectively reduce water and wind erosion, protect the Nation's long-term capability to produce food and fiber, reduce sedimentation, improve water quality, create and enhance wildlife habitat, and other objectives including, as appropriate, addressing issues raised by State, regional, and national conservation initiatives and encouraging more permanent conservation practices, such as, but not limited to, tree planting.

7 C.F.R. § 1410.3(c).

The trial court requested supplemental briefing on whether the writ of restitution could include the shop and buildings that still contained Largent Ranch's property. Loomis's supplemental brief established that the shop and buildings were not physically on the acreages that were subject to the CRP. Bell and Largent Ranch's supplemental brief asserted that "Jeffrey Bell intends to utilize the shop building . . . to operate [the portion] . . . of the farm which he is obligated to service until the end of the [CRP] contracts . . . ." CP at 105.

The trial court heard additional oral argument and later gave its oral ruling:

> The question . . . is whether or not these buildings . . . are farm land within the meaning of [RCW 59.12.035] and, if so, . . . whether or not that would be a violation of the CRP—
> . . . .
> . . . land agreement, which clearly . . . federal law indicates that the state law cannot remove an individual from CRP land.

4

> . . . [T]his court believes that to allow the plaintiffs to remove Mr.
> Bell from the . . . buildings, which appear to be both ancillary to the farm
> land and to the CRP land, and traditionally have been used as I understand it
> to service that land, would be essentially allowing the plaintiffs to remove
> Mr. Bell from the CRP land if not specifically at least constructively.

Report of Proceedings (Apr. 9, 2018) at 9-10. As a result of this finding, the trial court

denied Loomis's request for a writ of restitution.

Loomis requested reconsideration. In support of its argument, Loomis included a

declaration from Vivian Loomis. According to Ms. Loomis, the buildings are not

necessary to service the CRP contracts. The trial court denied Loomis's reconsideration

request, and Loomis timely appealed both orders.

## ANALYSIS

Loomis first argues that "RCW 59.12.035 applies to the entirety of a lease for

agricultural lands, including ancillary agricultural buildings." Br. of Appellant at 9. Bell

and Largent Ranch respond that the present action "does not have anything to do with

agricultural land." Br. of Resp'ts at 6.

Whether the action involves agricultural land is irrelevant. Chapter 59.12 RCW

provides the procedure that landlords must follow to remove nonresidential tenants.

Neither Bell nor Largent Ranch claim to be a residential tenant. Loomis properly brought

5

an action under chapter 59.12 RCW to have Bell and Largent Ranch removed from its nonresidential property.

Loomis next argues the trial court erred by finding that the shop and buildings were ancillary or a subordinate part of the CRP contracts.

As the party challenging the finding, Loomis has the burden to show that the finding is not supported by substantial evidence. *Blackburn v. Dep't of Soc. & Health Servs.*, 186 Wn.2d 250, 256, 375 P.3d 1076 (2016). "Substantial evidence" is evidence that is sufficient to persuade a rational fair-minded person of the truth of the finding. *Id.*

It is undisputed that the shop and buildings are not within the designated CRP acreage. Also, there is nothing in the CRP contracts that require farming equipment to be stored near the CRP acreage. This is unsurprising given that CRP acreage is not planted with crops. Ms. Loomis declared under penalty of perjury that buildings are not necessary to service CRP contracts. In a supplemental brief, Mr. Bell claims he intends to use the shop to service the CRP contracts. This unsworn assertion is not evidence. *See Green v. A.P.C.*, 136 Wn.2d 87, 100, 960 P.2d 912 (1998) (noting that argument of counsel does not constitute evidence).

We conclude that the trial court's finding that the buildings were a subordinate part of the CRP contracts is not supported by substantial evidence. We, therefore, reverse the trial court and instruct it to issue a writ of restitution restoring exclusive possession of the shop and buildings on the property to Loomis.[2]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.                    Pennell, J.

---

[2] Respondents note that findings and conclusions were not entered. Findings and conclusions are not required unless there is an issue of fact that requires a trial. Here, no issue of fact was presented. *See also* CR 52(a)(5) (generally, findings of fact and conclusions of law are unnecessary for decisions on motions).

Respondents also note that a judgment was not entered. As the prevailing party, respondents were responsible for preparing and noting the judgment.

Respondents do not argue that this appeal is premature because of their pending counterclaim for damages. Had they made this argument, we likely would have rejected it. In general, a counterclaim for damages is improper in an action brought under chapter 59.12 RCW. *Hall v. Feigenbaum*, 178 Wn. App. 811, 818-19, 319 P.3d 61 (2014).